Green, J.
delivered the opinion of the court.
This is an action on the case brought by the plaintiff in error, to recover damages from the defendant for a breach of contract.
*555 It appears from the bill of exceptions that the Mayor and Aldermen of Memphis had passed a resolution, that they would grade and gravel the streets of the town, to the extent of $20,000, provided it could be done at one-fourth cash and the balance in bonds of the city, running fifteen years at six per cent, per annum, tobe paid semi-annually. Whereupon John H. Krafft, agent for the plaintiffs, addressed the following proposition: To the Honorable the Mayor and Aldermen of the City of Memphis:
Gentlemen: As the authorized agent of Levering and Carncross, of Cincinnati, *1 hereby propose to grade and slope and gravel that part of the streets required by you to be done, in all respects, as contemplated at your meeting of last evening, viz: for grading and sloping the streets, three cents per square yard, for gravelling the same of an average of 12 inches, 33$ cents per square yard, or, if of an average depth of nine inches, 25 cents per square yard; for the stone work for gutters and drains, two dollars per square yard. Not less than $20,000 worth to be undertaken — the whole payable one fourth cash as the work progresses, and the remainder payable at the same time in bonds of the city, bringing six per cent, interest, payable semi-annually, redeemable at the bank of North America in the city of Philadelphia, 10 or 15 years after dates — interest also payable in Philadelphia. The undersigned respectfully asks the early consideration of, and answer to the above, being important that it should be answered at once.
Memphis, 21st August, 1844. J. H. KRAFFT.
To this proposition the following answer was given, signed by two members of the corporation committee appointed and sealed with the corporation seal, viz:
We, the committee appointed by the board of Mayor and Aldermen of the town of Memphis, to make a contract for grading and gravelling the principal streets, accept the above proposition and pledge the faith of the corporation for its fulfilment on our part, provided the work is commenced in a reasonable time. C. HICKMAN, Mayor.
WM. ARMOUR, Committee.
Test — J. H. LawRence.
Oct. 21, 1S44.
*556 On the 26th of November, 1844, the following resolution was passed by the board of Mayor and Aldermen:
Resolved, That the contract entered into by the office of John H. Krafft for Messrs. Levering & Carncross and accepted by the committee, be renewed and filled up in detail by a committee now to be appointed by the Mayor, said contract being only for a sum of work to be done upon terms specified, and that said work be done under the inspection of said committee, and shall be completed by the first day of November, 1845, and that the contract be submitted tb the board for its cocnur-rence.
The reply to the proposition of the plaintiffs was signed by only two of the three members of the committee who were appointed to make the contract.
There is' proof tending to show that before an offer was made to fulfil their contract, the plaintiffs had dissolved their partnership. The defendants, by resolution, abrogated the contract and refused to permit its performance by the plaintiffs.
The court charged the jury among other things, “that the proposition of the plaintiffs of the 21st August, 1844, made by their authorized agent, J. H. Krafft, and the acceptance of the said proposition by the committee on the 27th of August, 1844, even if such acceptance were the act of the defendants or ratified and confirmed by them afterwards, would not form any binding contract, taken together — being too vague and uncertain in their terms. They only constitute an agreement to enter into a contract, and require something further to be done by the parties to make it a contract.”
The jury found for the defendants and the plaintiffs áppealed to this court.
We are of opinion his honor erred in ruling, that the proposition of the plaintiffs and the defendant’s acceptance, constituted no binding contract. A proposition by one party and an acceptance by the other constitute an agreement, binding on both. This is not controverted; but it is said the terms of the proposition in this case are too vague to constitute a contract. We do not think there is any thing vague in the terms proposed. The price per square yard of all the different kinds of work is *557 stated explicitly and distinctly; and the quantity of work to be done, and the mode, time, and place of payment, are also explicitly stated. Nothing is left for future arrangement, except the designation of the streets to be improved, and the character of improvements to be made. This, by the proposition, is left to be designated by the agents for the defendants, as the plaintiffs might be ready to perform the work. But certainly -this privilege of pointing out the streets to be improved and the particular character of the improvement to be made, does not render the terms proposed vague. If grading and sloping were desired to be done, the price was fixed at three cents per square yard; if gravelling 12 inches deep, the price is 33£ cents, if nine inches, twenty-five cents per square yard; and for stone work for gutters and drains, two dollars per square yard were to be paid. Surely there is nothing vague in this. The meaning of the party cannot be mistaken. He says in substance: you may direct where and what description of work you wish to be done, and I will perform it according to your wishes.. If this is too vague to constitute a contract, the consequence would be that in no case could a valid contract be made where one of the parties is left to direct the character of the work to be done.
In this respect, therefore, we think the instruction of the court to the jury is erroneous — upon the other points raised in the record the court expounded the law correctly.
2. The defendant’s counsel insists that the judgment of the Circuit Court ought not to be reversed, although his Honor may have erred in relation to the question as to the validity of the contract, because the original contract is under seal, and there is no evidence that the plaintiffs accepted the additional terms proposed in the resolution of the Corporation of the 26th of November, and therefore covenant should have been brought, and this action on the case will not lie.
In the first place, we do not hold that the original contract is under seal. It consists of two instruments, the letters of Krafft, the agent, stating the terms proposed, which is hot under seal, and the memorandum of acceptance by two members ¡of the Committee, signed by them and authorized by the an *558 nexation of the Corporation seal. When a Corporation speaks, it is through its seal, and this authentication of the response of the Committee cannot be regarded as sealing the contract, but only as the letter of acceptance, on the part of the Corporation, of the terms proposed. But if this were, as is contended, a sealed contract — the resolution of the Mayor and Aldermen of the 26th of November, proposes additional terms to the contract, and if accepted by the plaintiffs, would, as his Honor correctly told the jury, constitute the whole a parol contract, upon which case will lie. As to w'hether there is evidence of such acceptance by the plaintiffs, we will not now enquire. His Honor’s charge in relation to the terms of the contract, took from the jury the consideration of every other question; because, if these terms were so vagué as to constitute no obligation on the part of the defendant, it was wholly unnecessary to enquire further.
3. But it is said, that of the Committee of three, who were appointed to make the contract, only two acted, and that where there are several agents all must act or the principal is not bound.
Without stopping to examine whether the principle is applicable to the Committee of the legislative body, such as the Mayor and Aldermen of a town; it is sufficient to observe, that the seal of a Corporation to an instrument constitutes prima facie evidence that it was planted there by the proper authority, and that the instrument is the act of the Corporation. In the • absence of proof to the contrary this contract must be taken to be the act of the Corporation, without reference to the question of the authority of the Committee.
Upon the whole, we think the judgment ought to be reversed, and the cause remanded for another trial.